CLEVELAND ROLLING-MILL CO. *v.* TEXAS & ST. L. RY. CO.·

*(Circuit Court, E. D. Missouri.* April 27, 1885.)

PRACTICE—ORDER TO FURNISH LIST OF STOCKHOLDERS—REV. ST. MO. § 737.

  Where a creditor of a corporation has obtained judgment and had execution issued against it, and the execution has been returned *nulla bona,* without any demand having been made upon the officer in charge of the company's books, for a list of the names, places of residence, etc., of the stockholders liable for unpaid balances upon their stock, this court will not make a peremptory order on such officer to furnish such list.

At Law.

*Fisher & Rowell* and *Ira C. Terry,* for plaintiff.

*Phillips & Stewart,* for defendant.

*Dyer, Lee & Elles, Broadhead & Haeussler,* and *Boyle, Adams & Mc-Keighan,* for stockholders.

TREAT, J. On application of plaintiff for peremptory order on J. W. Paramore and A. C. Stewart, respectively president and secretary of defendant company, to furnish a list of the names, etc., of stockholders. It appears from the records in the case that no demand had been made by the marshal, holding the execution, for such list. There is a recital to that effect in the application of February 13th, last, for a rule on the respondents, but there is no return on record thereof. Since the argument on this motion and evidence submitted, a return of the execution *nulla bona* has been filed. The argument before the court proceeded to a large extent as if no such return had been made. It now appears that execution was duly issued; and indorsed thereon is a return of *nulla bona,* January 12th, last, not filed, however, until the twenty-fourth inst. By the statutes, it was necessary, as preliminary to the summary proceedings contemplated against stockholders, that execution should have issued, and an order of court had against the stockholders, respectively, etc.

Section 737, Rev. St. Mo., requires "the clerk or other officer having charge of the books of any corporation, on demand of any officer *holding any execution* against the same, shall furnish the officer with the names," etc. From the record, the officer holding the execution in this case never made the demand authorized upon either of the respondents. This proceeding is based upon the fact of such demand and refusal to comply therewith. As no such demand is shown, the rule must be discharged. The evidence sufficiently discloses that, under the requirements of law, custody of the stock-book is subject to the control and in charge, lawfully, of the respondents. Hence, if the demand had been made by the marshal when holding the execution, and they had failed or refused to comply therewith, a peremptory order against them would be granted.

 [1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

As heretofore stated, the plaintiff had no right to institute these proceedings in the nature of a *mandamus* until a legal demand had been made by the marshal. The rule is discharged.